The only question which I propose to consider is that relating to the exception to the exclusion of the evidence offered on the trial. This question is limited to the inquiry as to the competency of the proof, irrespective of its force or effect. It is not essential to determine the effect of the evidence upon the charge of negligence; it is enough if the same was competent for any purpose. I think *Page 223 
it was competent for the purpose of showing that sparks might have escaped from the defendants' engine, and been borne by the wind to a distance from the railroad track equal to that of the mill-house in question; thus showing a possibility, and, in connection with other circumstances, a probability, that the fire originated in the manner alleged in the complaint.
The theory on the trial was, that the sparks or cinders causing the fire originated from the smoke-pipe or ash-pan of the engine Oneida, attached to a train of passenger cars which passed about twenty-five minutes before the fire was discovered. No other engine passing about that time, it may be assumed, for the present purpose, that if the defendants are responsible at all, the liability is chargeable to the Oneida as the offending engine. It was not proposed to show, on the trial, that sparks and cinders, capable of ignition, had been seen on other occasions to issue from the Oneida. Such evidence would have been clearly admissible, I think, from the necessity of the case. It generally, or frequently happens, as may have been the fact in this case, that engine sparks cause fires, without the sufferer being able to prove the fact by positive testimony. Circumstantial evidence must, of necessity, be resorted to, or injustice must be suffered, without redress, in very many instances.
The proof offered and rejected related to the emission of igneous matter by the defendants' engines generally, without designating any one in particular. This evidence, I think, was competent, and should have been received upon the proposition whether the defendants caused the fire. It was a primary fact to trace the fire to the defendants, as a ground of liability. There is no pretence in this case that the construction of the Oneida, as it respects the emission of sparks or cinders, differed from that of every other engine used by the defendants on their road. It must follow, therefore, that under the same circumstances, the same amount of sparks and coals of fire would issue from every *Page 224 
other engine as from the Oneida. The proof offered was, therefore, practically the same as though it had been proposed to show that the Oneida frequently or generally made emissions when running at the usual speed.
The competency of this evidence has been directly decided in the English court of common pleas. (Piggott v. The EasternRailway Co., 10 Jurist, 571; Aldridge v. The Great WesternR.R. Co., 3 M. . G., 515.) These cases, upon this point, are well decided. The principle is essential in the administration of justice, inasmuch as circumstantial proof must, in the nature of things, be resorted to, and inasmuch as the jury cannot take judicial cognizance of the fact that locomotive engines do emit sparks and cinders which may be borne a given distance by the wind. The evidence was competent to establish certain facts which were necessary to be established in order to show a possible cause of the accident, and to prevent vague and unsatisfactory surmises on the part of the jury.
There was evidence given on the trial, relating to the question of negligence, but it need not be considered on this appeal. It may be observed, however, that the gravamen of the action is negligence. In the proof of it, the same rule applies that does in the case of an injnry to a passenger while riding in the cars. (Holbrook v. The Utica and S.R.R. Co., 2 Kern., 236.) Negligence involves the imputation of some wrongful or unauthorized act or omission of duty. It cannot be predicated upon an injury resulting from the performance of an act in itself lawful, and done in a proper manner. Such an injury is damnumabsque injuria.
In my judgment, negligence cannot be inferred from the simple fact of causing the fire, for the reason that the use of fire to propel a railroad engine is lawful, and sparks and coals may escape, notwithstanding all the safeguards which modern improvement has suggested may have been adopted. (Burroughs v.Housatonic R.R. Co., 15 Conn., 124.) The general rule is that a party is not responsible for the *Page 225 
reasonable exercise of a right, unless on proof of negligence, unskilfullness or malice in the exercise of that right. (ThePhila. and Reading R.R. Co. v. Yeiser, 8 Barr., 366; 2 Am.Railway Cases, 325.) What is a reasonable exercise of a right must of course depend upon the facts of each particular case.
The judgment must be reversed and a new trial granted, costs to abide the event.
A.S. JOHNSON, SELDEN and MITCHELL, JS., concurred.
COMSTOCK, T.A. JOHNSON and WRIGHT, dissented.
Judgment reversed.